Daniel, J.
The Judge charged the jury, that the cutting off from the note the name of Osborne did not destroy it, and the plaintiff was entitled to recover notwithstanding. The plaintiff had a verdict and judgment against William Coleman, (who was not present, when the alteration in the note was made, and who never assented to the making of the alteration,) and J. F. E. Hardie. We do not agree with his Honor ; for we think, that the alteration of a bill or note, in a materia,! part, vacates the bill or note, except as between the parties consenting to such alteration. Downs v. Richardson, 5 Barn, and Ald. 674, 1 Steph. N. S. 788. The cutting off the name of one of the makers of the promisory note and substituting that of another was a material alteration of the note, and vitiated it as to William Coleman, for he agreed to be bound with Osborne, and it may be- that Hardie is not a substantial co-surety. Secondly, we concur with his Honor, that the action was not barred by the statute of limitations. William T. Coleman, one of the makers of the note, made a payment on it by his agent Poor, within three years next before the commencement of this action. Poor had funds placed in his hands by William T. Coleman to aid in paying this very note, and he did aid in paying as aforesaid. This payment,made by one of the makers of the note, according to numerous decisions, took the case out of the act of limitations, as to all the other makers of the note. Cases were cited to shew, that dividends, received by the creditor under a commission of bankruptcy against one of the joint debtors, will not repel the statute as to the others; and we approve of those cases, because there *430 the payments are by the force of the law, and are not the acts of the parties. But the payments here are made by the debtor himself, or under his authority by his agent and out of his funds : which distinguishes this from the other cases. Thirdly, the money was loaned by the plaintiff to the Messrs. Coleman in Georgia, and the note for the re-payment was then and there given. The fact, that Hardie, by the consent of the plaintiff and one of the borrowers, placed his name on the paper, as one of the makers of the note, in North Carolina, did not make it. as to him, a North Carolina contract. The name of Hardie on the note, without a consideration, would only have been a nudum pactum. It was the loan, made in Georgia by a Georgia citizen, that constituted the consideration of the note, not only as to the parties, that originally made it there, but as to Hardie, who subsequently signed the paper here. It is a case like that of Arrington v. Gee, 5 Ired. 590. The original contract of loan having been in Georgia, even a note given here might properly reserve Georgia interest, McQueen v. Burns, 1 Hawks. 476. Therefore this note, purporting to be given in Georgia, though executed by Hardy here, is no evasion of our law against usury, but properly drew eight per cent, interest, which is admitted to be the rate in that State.
We.think the judgment must be reversed, because the Judge charged, that the plaintiff was entitled to recover against William Coleman, although he did not assent to the alteration made in the note. The recovery ought to have been against Hardy only.
Per Curiam. Judgment reversed and venire de novo.