G. L. EFIRD v. J. B. LITTLE and His Wife, RUTH B. LITTLE, J. A. LITTLE, FLOYD C. TEETER, H. C. TURNER, and D. L. CROWELL.

(Filed 10 January, 1934.)

1. **Bills and Notes E a—Substitution of endorser is material alteration releasing endorsers not consenting thereto.**

   Where the payee of a negotiable instrument acquires it with certain endorsers thereon and subsequently strikes out the name of one endorser and another signs as endorser in lieu of the endorser whose name was stricken out, the change is a material one and will release the endorsers who had not consented to the substitution, but will not release those endorsers whose consent had been procured. C. S., 3106, 3107.

2. **Same—Alteration by substitution of endorsers does not release substituted endorser in absence of misrepresentation.**

   Where an endorser as originally appearing on a negotiable note has his name stricken from the instrument by the payee and another person signs in substitution for him, the liability of the substituted endorser to the payee remains as a general endorser, unaffected by the cancellation and substitution, C. S., 3047, when his signature is not obtained by misrepresentation that the other endorsers had consented to the substitution and remained bound by the instrument.

APPEAL by defendants, J. A. Little, and D. L. Crowell, from *Harding, J.,* at May Term, 1933, of STANLY. No error.

This is an action to recover on a note for $1,000, which is payable to the order of the plaintiff. The note was executed by the defendants, J. B. Little, and his wife, Ruth B. Little, as makers, and by the defendants, J. A. Little, Floyd C. Teeter, H. C. Turner and D. L. Crowell, as endorsers. It was dated 14 February, 1928, and was due on 14 February, 1929. Interest was paid on the note up to and including 14 February, 1931.

At the date of its delivery to the plaintiff, the note sued on was endorsed by the defendants, J. A. Little, Floyd C. Teeter, and H. C. Turner, and also by C. I. Moose. Subsequent to its delivery, and while he was the holder of the note, the plaintiff canceled therefrom the name of C. I. Moose, as an endorser. After such cancellation, the defendant, D. L. Crowell, wrote his name on the back of the note, as an endorser. This was done for the purpose of substituting D. L. Crowell as an endorser of the note for C. I. Moose. It was alleged in the complaint that the cancellation and substitution was made with the consent of all the parties to the note.

Issues submitted to the jury were answered as follows:

"1. Did the defendants, J. B. Little and his wife, Ruth B. Little, execute the note sued on as alleged in the complaint? Answer: Yes.

2. Did the defendants, J. A. Little, Floyd C. Teeter and H. C. Turner and C. I. Moose endorse said note as alleged in the complaint? Answer: Yes.

3. Was the substitution of the name of the defendant, D. L. Crowell, for the name of C. I. Moose made with the knowledge and consent of the defendant, J. A. Little, as alleged in the complaint? Answer: Yes.

4. Was the substitution of the name of the defendant, D. L. Crowell, for the name of C. I. Moose made with the knowledge and consent of H. C. Turner as alleged in the complaint? Answer: No.

5. Was the substitution of the name of the defendant, D. L. Crowell, for the name of C. I. Moose made with the knowledge and consent of the defendant, Floyd C. Teeter, as alleged in the complaint? Answer: No.

6. Did the defendant, D. L. Crowell, sign said note in lieu of C. I. Moose after the name of C. I. Moose had been scratched out by the plaintiff as alleged in the complaint? Answer: Yes.

7. Was the defendant, D. L. Crowell, induced to sign said note as endorser in lieu of C. I. Moose, by representations made to him by the plaintiff that the substitution of D. L. Crowell as an endorser in lieu of C. I. Moose would be satisfactory to the other endorsers thereon? Answer: No.

8. What amount is now due and unpaid on said note? Answer: $1,000, less double the amount of usurious interest found by the jury in answer to the 10th issue, to wit: $72.00; and less $4.00, credited on the note on 30 July, 1931, as part of the $40.00 credit appearing on the note.

9. Did the plaintiff take, receive, and reserve a greater rate of interest than six per cent per annum on the $1,000 note set out in the complaint as alleged in the answer? Yes.

10. What amount, if any, has the defendant, J. B. Little, paid by way of usurious interest to the plaintiff on said note? Answer: $36.00."

From judgment that plaintiff recover nothing of the defendants, Floyd C. Teeter and H. C. Turner, and that he recover of the defendants, J. B. Little and his wife, Ruth B. Little, J. A. Little and D. L. Crowell, jointly and severally, the sum of $924.00, with interest from the date of the judgment, and the costs of the action, the defendants, J. A. Little and D. L. Crowell, appealed to the Supreme Court.

*Morton & Smith for plaintiff.*
*O. J. Sikes and A. C. Huncycutt for defendants.*

CONNOR, J. The cancellation by the plaintiff of the name of C. I. Moose as an endorser on the note held by him, and sued on in this action, was a material alteration, and rendered the note void as to all

parties thereto, except such as consented to the cancellation. C. S., 3106 and C. S., 3107. *Davis v. Coleman*, 29 N. C., 426.

The defendants, Floyd C. Teeter and H. C. Turner, did not consent to the cancellation or to the substitution of the name of the defendant, D. L. Crowell, as an endorser for the name of C. I. Moose. For this reason, the note is void as to these defendants, and there is no error in the judgment that plaintiff recover nothing of the defendants, Floyd C. Teeter and H. C. Turner.

The defendant, J. A. Little, who was an endorser of the note at the date of its delivery to the plaintiff, consented to the cancellation, and to the substitution of the name of the defendant, D. L. Crowell as an endorser for the name of C. I. Moose, who was an original endorser. For this reason, he was not released from his liability on the note as an endorser by the cancellation and substitution. The note was not rendered void as to this defendant by the alteration, although material. There is no error in the judgment that plaintiff recover of the defendant, J. A. Little, the amount found by the jury to be due on the note. As to him, the judgment is affirmed.

The defendant, D. L. Crowell, wrote his name on the back of the note, as an endorser, after the name of C. I. Moose had been scratched out by the plaintiff. He was not induced to do so by representations made to him by the plaintiff that the cancellation and substitution was satisfactory to the other endorsers, as he alleged in his answer. His liability as an endorser was not affected by the cancellation. He became liable on the note as a general endorser, C. S., 3047, and remained liable as such. There is no error in the judgment that plaintiff recover of the defendant, D. L. Crowell, the amount found by the jury to be due on the note. As to him the judgment is affirmed.

The issues submitted to the jury are raised by the pleadings. The answers to these issues support the judgment, which is therefore affirmed.

No error.